UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
DEVENDER SINGH, JAGJIT SINGH, BALJINDER SINGH,
PUMA SINGH, DULLA SINGH, PRABHJIT SINGH,
MOHINDER SINGH, JARNAIL SINGH, JOGA SINGH,
KARNAIL SINGH, KUNDAN LAL, AMARJIT SINGH

                Plaintiffs,                  **COMPLAINT**
                                          **JURY TRIAL DEMANDED**

    -against-

SUNN ENTERPRISE GROUP, LLC.;
BOGDAN MARKOVSKI;

                Defendants
-------------------------------------------------------------------X

Plaintiffs by their attorney, Jonathan Silver, Esq. complaining of defendants (collectively referred to herein as "defendants") and alleges as follows:

## NATURE OF THE ACTION

1. This action is brought by plaintiffs to recover unpaid wages, unpaid overtime wages, unpaid prevailing wages, unpaid fringe and other benefits and other monies pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"), and the New York Labor Law § 190, et seq. ("NYLL") and under applicable law and regulation and in accordance with certain agreements who were construction workers engaged in brick work, pointing, grinding and related activities at the following locations:

        2 Aberdeen Street, Brooklyn New York 11207

        1340 East 29th Street, Brooklyn New York 11210

        46-02 Parsons Blvd, Flushing New York 11355

during the period of time August-October 2016.

2. The claims of each of the plaintiffs are distinct in specifics as to the days and hours and wage rate and work activities but, in general terms, each plaintiff agreed with the defendants to work and to be compensated at a certain daily rate for a usual work day and to work overtime hours and be paid extra for such overtime hours. In fact, for the work performed none of the plaintiffs were paid anything by the defendants. Plaintiffs performed some work for which they should have been paid at prevailing wage rates together with payment of fringe and other benefits as the work occurred at public buildings.

3. Plaintiffs seek injunctive and declaratory relief against defendants' unlawful actions, compensation and credit for the difference between the wages actually paid and the wages due and owing to the plaintiffs pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"), and the New York Labor Law § 190, et seq. ("NYLL") and under applicable law and regulation and agreement and contract.

## JURISDICTION

4. This Court has subject matter jurisdiction over this case pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331 and § 1337, and has supplemental jurisdiction over plaintiffs' claims under the New York State Labor Law and contract and agreement pursuant to 28 U.S.C. § 1367.

## VENUE

5.  Venue is proper in the Eastern District of New York under 28 U.S.C. § 1391, as plaintiffs are located within the Eastern District of New York.

## THE PARTIES

**Plaintiffs**

6.  Each of the plaintiffs resides in either Queens or Brooklyn and each were employed as construction workers at the sites within New York City by the defendants, their respective agents, servants, employees and assigns.

7.  Plaintiffs were defendants' employees within the meaning of the FLSA and the NYLL, and worked for defendants and were defendants' employees and defendants were subject to the provisions of the NYLL and the FLSA.

**Defendants**

8.  Defendant SUNN ENTERPRISE GROUP, LLC is a New York corporation and through it's agents, servants employees or assigns engaged in construction work and activities in the City and State of New York and performed certain construction work and activities at the following locations:

> 2 Aberdeen Street, Brooklyn New York 11207
>
> 1340 East 29th Street, Brooklyn New York 11210
>
> 46-02 Parsons Blvd, Flushing New York 11355

9.  Defendant SUNN ENTERPRISE GROUP, LLC is an "enterprise engaged in interstate commerce" within the meaning of the FLSA. Defendant has: (1) employees

engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; has offices and (2) conducts business in New Jersey; and (3) an annual gross volume of sales in excess of $500,000.

10. Defendant BOGDAN MARKOVSKI is a natural person engaged in business in the City and State of New York and was engaged in construction work and activities at the following locations:

> 2 Aberdeen Street, Brooklyn New York 11207
>
> 1340 East 29th Street, Brooklyn New York 11210
>
> 46-02 Parsons Blvd, Flushing New York 11355;

he is the owner, stockholder, principal, officer, managing agent, agent of defendant SUNN ENTERPRISE GROUP, LLC; that BOGDAN MARKOVSKI exercises sufficient control over the operation of SUNN ENTERPRISE GROUP, LLC to be considered plaintiffs' employer under the FLSA and NYLL and applicable law and regulation, agreements and contracts and at all times material herein established and implemented the pay practices at SUNN ENTERPRISE GROUP, LLC.

### EMPLOYMENT OF EACH OF THE PLAINTIFFS BY DAY, HOURS OR WORK AND RATE OF PAY

11. Attached hereto are separate lists for each of the named plaintiffs providing information detailing the dates each worked, the number of hours on each of those dates that each plaintiff worked.

12. As to each plaintiff, they were to be paid for a usual days work at the following

rates:

**$300.00 PER REGULAR WORK DAY**

DEVENDER SINGH, JAGJIT SINGH, BALJINDER SINGH,

PUMA SINGH, PRABHJIT SINGH, KARNAIL SINGH, KUNDAN LAL

**$250.00 PER REGULAR WORK DAY**

DULLA SINGH

**$200.00 PER REGULAR WORK DAY**

MOHINDER SINGH, JARNAIL SINGH, JOGA SINGH, AMARJIT SINGH

13. Each of the plaintiffs performed work for a period in excess of 40 hours per week for which they should have been at the applicable rate for overtime work.

14. Defendants did not pay any plaintiff anything at all.

15. Defendants did not pay plaintiffs any overtime premium for hours each worked.

16. Defendants did not regularly record the actual hours worked by the plaintiffs and since plaintiffs were not paid they were not provided by the defendants with an accurate statement listing: the dates of work; name of employee; address and phone number of employer; the applicable rate or rates of pay and basis thereof ; whether they were being paid by the hour, shift, day, week, salary, piece, commission, or otherwise; the plaintiffs' regular hourly rate or rates of pay; the plaintiffs' overtime rate or rates of pay; the number of regular hours each worked, the number of overtime hours worked; the type or classification for the work being performed; .the amount of gross wages; indication of

any deductions; allowances, if any, claimed or applied; the amount of net wages.

## THE LAW REGARDING "PREVAILING WAGES"

17. The plaintiffs each performed construction work at two locations that are public buildings and under law and regulation and rule it is claimed that they were to be paid at the prevailing wage applicable to such work and such prevailing wage was also due them in accordance with agreements and contracts made with each other, made with third parties.

## THE FAILURE TO PAY OVERTIME AND FOR ACTUAL HOURS WORKED

18. The FLSA and NYLL require that employers pay all employees an hourly wage and an overtime rate of one and one half (1½) times their regular rate of pay for all hours worked in excess of forty (40) during any workweek, unless they are exempt from coverage.

19. Each of the plaintiffs performed work for a period in excess of 40 hours per week which are to be treated as overtime hours and for which they should have been at the applicable rate for overtime work.

20. Defendants did not pay plaintiffs the overtime premium for hours each worked.

21. Defendants did not regularly record the actual hours worked by the plaintiffs.

## FIRST CLAIM
### (Fair Labor Standards Act-Unpaid Overtime)

22. Plaintiffs repeat and reallege paragraphs 1 through 21 as if fully set forth herein.

23. Defendants were required to pay each of the plaintiffs no less than one and one-half (1½) times the regular rate they were to be paid for all hours worked in excess of forty (40) hours in a workweek pursuant to the overtime wage provisions set forth in the FlSA, 29 U.S.C. § 207, et seq. and other applicable law and regulation.

24. Defendants failed to pay plaintiffs the overtime wages each was due.

25. Defendants wilfully, knowingly and intentionally failed to pay plaintiffs the correct amount each was due as overtime wages.

26. Due to defendants' violations of the FLSA, plaintiffs are entitled to recover their unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post- judgment interest.

## SECOND CLAIM
### (New York Labor Law-Unpaid Overtime)

27. Plaintiffs repeat and reallege paragraphs 1 through 26 as if fully set forth herein.

28. Under the NYLL and supporting New York State Department of Labor Regulations and other applicable law and regulation and rule and contract and agreement. the defendants were required to pay plaintiffs one and one half (1½) times their regular rate for all hours that each worked in excess of forty (40) per week.

29. Defendants failed to pay plaintiffs the overtime wages each was due.

30. Defendants willfully, knowingly and intentionally failed to pay plaintiffs the correct amount each was due as overtime wages.

31. Due to defendants' willful violations plaintiffs are entitled to recover their unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages, and pre-judgment and post-judgment interest.

**THIRD CLAIM**
**PLAINTIFFS WERE DUE TO BE PAID WAGES THEY ARE DUE, OVERTIME WAGES THEY ARE DUE AND PREVAILING WAGES FOR THEIR WORK AND ALL OF THE DEFENDANTS ARE LIABLE TO THE PLAINTIFFS FOR SUCH WAGES UNPAID**

32. Plaintiffs repeat and reallege paragraphs 1 through 31 as if fully set forth herein.

33. The defendants through agreement and contracts with third parties promised to and agreed to abide by the applicable law and regulations and the prevailing wage standards, rates, law and regulations; also promised and agreed to make certain payments at rates and in sums set forth in those agreements and contracts to those persons performing such work, labor and services as had been performed by plaintiffs.

34. The plaintiffs were third party beneficiaries of and to such laws and regulations and contracts or agreements.

35. Defendants are in breach and have otherwise failed to make such payments to the plaintiffs as due them.

36. The individually named defendant based on his position, authority and status

is personally liable for unpaid wages and sums that were due the plaintiffs for the work, labor and services each performed.

37. Plaintiffs do not have an adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs respectfully request that this Court enter a judgment:

a. declaring that defendants have violated the wage provisions of the FLSA and NYLL agreement and contract by failing to pay plaintiffs for work performed;

b. declaring that defendants have violated the overtime provisions of the FLSA and NYLL and agreement and contract;

c. declaring that defendants have violated the prevailing wage requirements of contract and agreement and law and regulations;

d. declaring that individual defendant is liable for all the sums due the plaintiffs in this action;

e. declaring that defendants' violations of the applicable law and regulation were willful;

f. awarding plaintiffs damages in accordance with their separate claims;

g. awarding plaintiffs unpaid wages;

h. awarding plaintiffs unpaid overtime wages;

i. awarding plaintiffs unpaid "prevailing wages" and other fringe and other benefits;

j.  awarding liquidated damages as a result of the defendants' failure to furnish accurate statements with each payment of wages pursuant to the NYLL;

k.  awarding plaintiffs liquidated damages;

l.  awarding plaintiffs pre-judgment and post-judgment interest under the NYLL;

m.  awarding plaintiffs a sum representing reasonable attorneys' fees and costs pursuant the FLSA and the NYLL and agreement and contract; and

n.  awarding such other relief as the court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 3B(b) of the Federal Rules of Civil Procedure, plaintiffs demand a trial by jury in this action.

Dated: Kew Gardens, New York
March 10, 2017

*/s/ Jonathan Silver*
JONATHAN SILVER ESQ.(7924)
Attorney for Plaintiffs
80-02 Kew Gardens Road, Suite 316
Kew Gardens, New York 11415
(718) 520-1010