UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------x
DEVENDER SINGH, JAGJIT SINGH, BALJINDER
SINGH, PUMA SINGH, DULLA SINGH, PRABHJIT
SINGH, MOHINDER SINGH, JARNAIL SINGH,
JOGA SINGH, KARNAIL SINGH, KUNDAN LAL,
and AMARJIT SINGH,

        Plaintiffs,

  -against-

SUNN ENTERPRISE GROUP, LLC, and BOGDAN
MARKOVSKI,

        Defendants.
---------------------------------------------------------------------x

**REPORT &
RECOMMENDATION**
17-CV-1387 (BMC) (SMG)

GOLD, STEVEN M., U.S. Magistrate Judge:

## INTRODUCTION

  Plaintiffs bring this action pursuant to the Fair Labor Standards Act and New York Labor Law. Plaintiffs claim they were employed by defendants at three construction sites from August to October of 2016, but that they were not paid at all for the work they performed. Plaintiffs seek to recover the wages they claim are due them and other damages.

  On May 3, 2017 and June 9, 2017, plaintiffs obtained entries of default against defendants Bogdan Markovski and Sunn Enterprise Group, LLC. Docket Entries 9, 13. On July 31, 2017, plaintiffs moved for default judgment. Docket Entry 20. In support of their motion, plaintiffs submitted their attorney's affirmation setting forth the amounts due and owing to each plaintiff. Affirmation of Jonathan Silver ("Silver Affirmation"), ¶ 10, Docket Entry 20-1. The submission also included affidavits from each plaintiff, the clerk's notations of default, and charts indicating overtime hours worked for six of the twelve plaintiffs. Docket Entries 20-2 to 20-4.

Plaintiffs' submission was riddled with inconsistencies. For example, in his affirmation, Silver represented that plaintiff Devender Singh is owed $17,550, but in Devender Singh's affidavit, Singh asserts that he is owed $18,750. *Compare* Silver Affirmation at 3, *with* Affidavit of Devender Singh, Docket Entry 20-2 at 2. In addition, while Devender Singh's affidavit states he is owed $1,350 in overtime pay and liquidated damages, a chart attached to plaintiffs' motion indicates that he is owed $1,500. *See* Devender Singh Overtime Hours, Docket Entry 20-4 at 2. As another example, both Silver's affirmation and Prabhjit Singh's affidavit claim that Prabhjit Singh worked fifty-two days for defendants, but the chart reflecting Prabhjit Singh's overtime hours contains entries only on three separate weeks. *Compare* Silver Affirmation at 4, *and* Affidavit of Prabhjit Singh, Docket Entry 20-2 at 16, *with* Prabhjit Singh Overtime Hours, Docket Entry 20-4 at 6. Similar inconsistencies may be found with respect to the amounts demanded for the other plaintiffs.

United States District Judge Brian M. Cogan reviewed the proof plaintiffs submitted in support of their motion for default judgment and found it inadequate. Order dated August 21, 2017. Judge Cogan noted that none of the plaintiffs' affidavits or spreadsheets showed the specific days on which they worked, that only six of the twelve plaintiffs submitted spreadsheets showing the weeks they worked, and that the affidavits of the remaining six plaintiffs contained only a broad statement generally indicating that they worked on some days between August and October. Accordingly, Judge Cogan referred the matter to me to hold a hearing at which each plaintiff would be required to testify, and to issue a report and recommendation based upon the proof presented at the hearing. *Id.*

**EVIDENCE PRESENTED AT THE HEARING**

I conducted the hearing contemplated by Judge Cogan's Order on October 12, 2017. *See* Transcript of October 12, 2017 Inquest ("Tr."), Docket Entry 25. At that hearing, eleven of the twelve plaintiffs testified. *Id.* at 2. Plaintiff Jarnail Singh, though, failed to appear. Accordingly, I recommend his claim be dismissed for failure to prosecute.

Defendant Bogdan Markovski appeared at the hearing as well. Markovski, who represented himself, testified on his own behalf, cross-examined plaintiffs, and moved several documents into evidence. The testimony and exhibits presented by defendant Markovski persuade the Court that plaintiffs have failed to establish that defendants were their employers or may otherwise be held liable for any wages plaintiffs may be owed.

Defendant Markovski testified at the hearing that his company, defendant Sunn Enterprise, did not hire the plaintiffs, but instead entered into an oral subcontract for a fixed sum with a company owned and controlled by plaintiff Puma Singh or his wife, which in turn employed plaintiffs to perform the subcontracted work. Tr. 120:20-122:16. Plaintiff Puma Singh acknowledged during his testimony that his wife does in fact own such a company, known as PNS,[1] and that he received checks from defendant Markovski made out to PNS for payment of wages in connection with the projects at which plaintiffs performed labor. Tr. 35:13-36:9. Although Puma Singh explained that the checks he received were intended to provide funds to pay workers other than plaintiffs, he did not identify these other workers or provide documents identifying them or indicating they were paid. *Id.* The Court therefore finds Puma Singh's statements in this regard unworthy of belief.

---

[1] The company name is not referred to consistently in the exhibits and testimony; for the sake of simplicity I refer to it here simply as PNS. *See, e.g.*, Tr. 35:22 ("PNS"); Court's. Ex. 1 ("P and S Contracting NY Corp."); Defendant's. Ex. 1 ("PNS Contracting NY Corp."); Defendant's. Ex. 4 ("P & S Contracting NY Corp").

Markovski's testimony that PSN subcontracted to perform the work at issue in this case was corroborated by documentary evidence presented at the hearing. During his testimony, Puma Singh consulted a sheet of paper he had brought with him. Tr. 36:15-37:9. The paper, which was marked as Court's Exhibit 1, states that it "is to serve as confirmation of work performed by P and S Contracting NY Corp. . . . in contract agreement with Sunn Enterprises." Court's Ex. 1, Tr. 37:11-16. The document lists three locations at which the contracted for work was performed. These are the same locations plaintiffs identify in their complaint and claim in their affidavits submitted in support of their default judgment motion as the places where they worked but were not paid. Finally, the document states that the contract amount for the three projects totals $110,000, and acknowledges receipt of three checks totaling $32,500. Tr. 37:16-24.

Defendant Markovski presented additional documents in support of his contention that he subcontracted the work at issue to PNS and that neither he nor defendant Sunn Enterprise hired any of the plaintffs. First, Markovski presented two checks and a check stub corresponding to the three payments referenced in Court's Exhibit 1. Defendant's Exhibits 1, 2, and 3. Second, Markovski introduced a certificate of liability insurance dated May 23, 2016—just a few months before the events at issue here—naming P&S Contracting NY Corp. as the insured and Sunn Enterprise Group as the certificate holder and an additional insured. Defendant's Exhibit 4.

Testimony from several of the plaintiffs, particularly when considered in light of the evidence described above, further corroborates that it was Puma Singh and not the defendants who hired them. For example, Devender Singh testified that Puma Singh brought him to the job site and told him how much he would be paid. Tr. at 17:10-14, 17:21-22. Joga and Mohinder Singh similarly testified that it was Puma Singh who told them how much they would be paid.

4

*Id.* at 78:11-12; 88:23-25.  Joga Singh added that Puma Singh was the person who got him the job, *Id.* at 81:25-82:2, and Mohinder Singh likewise testified that he found out about the job through Puma Singh.  *Id.* at 88:17-19.  Amarjit Singh also testified that Puma Singh brought him to the job site, and added that when he was not paid, he went to Puma Singh to find out why.  *Id.* at 94:9-10; 95:1-3.

## DISCUSSION

A defendant who fails to answer or defend is deemed to have admitted all of the well-pleaded allegations in the complaint pertaining to liability.  *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992); *Morales v. B&M Gen. Renovation Inc.*, 2016 WL 1266624, at *2 (E.D.N.Y. Mar. 9, 2016), *report and recommendation adopted by*, 2016 WL 1258482 (E.D.N.Y. Mar. 29, 2016).  "Nevertheless, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law."  *Labarbera v. ASTC Labs. Inc.*, 752 F. Supp. 2d 263, 270 (E.D.N.Y. 2010) (internal quotation marks and citations omitted); *see also Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981).

Even a defendant's default, though, does not preclude the Court from reaching the outcome that the evidence compels; to the contrary, "[a]llegations are not well pleaded 'which are contrary to uncontroverted material in the file of the case.'"  *Getty Images (US) Inc. v. Advernet, Inc.*, 797 F. Supp. 2d 399, 439 (S.D.N.Y. 2011) (quoting *Trans World Airlines, Inc. v. Hughes*, 449 F.2d 51, 63 (2d Cir. 1971); *see also J & J Sports Productions, Inc. v. Exclusive Lounge and Grill, Inc.*, 2017 WL 1082416, at *1 (E.D.N.Y. Mar. 22, 2017) ( noting that "allegations are not conceded if demonstrated to be false by evidence on the record"); *J & J Sports Productions, Inc. v. Senor De Chalma Corp.*, 2016 WL 7655800, at *5-6 (E.D.N.Y.

December 19, 2016) (recommending denial of plaintiff's default judgement where evidence called the complaint's allegations into question); *Western Heritage Ins. Co. v. Jacobs Dev. Corp.*, 2014 WL 297792, at *7 (E.D.N.Y. Jan. 27, 2014) (citing *Getty Images*, 797 F. Supp. 2d at 439) (noting that a "disconnect" between a plaintiff's pleadings and exhibits weighed against granting a default judgment); *Montblanc-Simplo GmbH v. Colibri Corp.*, 739 F. Supp. 2d 143, 151 (E.D.N.Y. 2010) (explaining that, even where deeming a well-pleaded complaint's allegations admitted establishes liability, subsequent discovery of contradictory evidence will undermine that conclusion). Although in each of these cases the contradictory evidence was offered by a plaintiff, and in this case the evidence was presented in part by plaintiffs and in part by defendant Markovski, I see no reason to limit the scope of the Court's review to evidence offered by any particular party.

Having carefully considered the evidence presented at the hearing, I conclude that plaintiffs have failed to establish that they were employed by defendants or are entitled to recover wages from them under either the Fair Labor Standards Act or the New York Labor Law. Accordingly, I respectfully recommend that plaintiffs' motion for a default judgment be denied, and that plaintiffs' claims be dismissed with prejudice.

Any objections to the recommendations made in this Report must be made within fourteen days after filing of this Report and Recommendation and, in any event, on or before November 20, 2017. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to file timely objections may waive the right to appeal the District Court's order. *See Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (discussing waiver under the

former ten-day limit). Plaintiff shall forthwith serve copies of this Report and Recommendation upon the defaulting defendants at their last known addresses and file proof of service with the Court.

/s/
STEVEN M. GOLD
United States Magistrate Judge

Brooklyn, New York
November 6, 2017

*U:\#DJM 2017-2018\Singh et al. v. Sunn Enterprises LLC et al. 17-CV-1387 (BMC)\R & R - FINAL.docx*