UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
DEVENDER SINGH, JAGJIT SINGH, BALJINDER
SINGH, PUMA SINGH, DULLA SINGH,
PRABHJIT SINGH, MOHINDER SINGH,
JARNAIL SINGH, JOGA SINGH, KARNAIL SINGH,
KUNDAN LAL, AMARJIT SINGH

                Plaintiffs,

  -against-                  OBJECTIONS TO
                             THE REPORT AND
                             RECOMMENDATION
                             OF MAGISTRATE
                             STEVEN M. GOLD
                             DATED 11/6/2017

SUNN ENTERPRISE GROUP, LLC.;        17 CV 1387 BMC
BOGDAN MARKOVSKI;

                Defendants
------------------------------------------------------------------X

      JONATHAN SILVER, an attorney duly licensed to practice law in the Courts of the State of New York, affirms under the penalties of perjury:

      1. I am the attorney for the plaintiffs in this action and I am familiar with the facts and circumstances set forth herein.

      2. I submit this Affirmation to serve as Objections to the Report and Recommendation of Magistrate Judge Steven M. Gold dated November 6, 2017.

3. The Report contains no specific factual findings but only conclusions that "...plaintiffs have failed to establish that they were employed by the defendants" or "...are entitled to recover wages from them under either the Fair Labor Standards Act or the New York Labor Law."

4. The Recommendation made is to deny plaintiff's motion for a default judgment.

5. Magistrate Judge Gold was referred the matter by Order of the Hon. Brian M. Cogan dated August 21, 2017 which directed that in inquest be conducted as the proof submitted by the plaintiffs on their motion was considered inadequate to support the factual findings the Court indicated it would have to make to rule in their favor. As a result, The Court directed, the inquest was to be conducted and all 12 plaintiffs were to testify and the Court was to determine whether the testimony was adequate to support an award of damages.

6. Eleven plaintiffs appeared and testified. Plaintiff Jarnail Singh was reported to be in India so no proof was offered as to his claim. Each of the 11 testified to the dates they worked and the hours on each of those dates they worked and the daily rate they were to be paid for an 8 hour work day. None were paid anything for the work they performed. Exhibits DS1-Exhibit 8 were offered and

admitted into evidence as their respective work records they had prepared and kept of each date, the hours during each of those dates that the individual plaintiffs worked. Those records were offered and admitted inot evidence without objection.

7. Plaintiffs DEVENDER SINGH, JAGJIT SINGH, BALJINDER SINGH and PUMA SINGH worked the very same days and the very same hours during those days. Each was to be paid $300.00 per 8 hour work day. The work record offered into evidence by the testimony of DEVENDER SINGH established the days and hours for those four plaintiffs.

8. The work records itemized the dates during August-October 2016 each plaintiff worked. Plaintiffs DEVENDER SINGH, JAGJIT SINGH, BALJINDER SINGH and PUMA SINGH for example worked starting on Monday August 8, 2016, on that date 8 hours. See DS-1. Other days in the work record for those four plaintiffs included the period Monday October 10-Friday October 14, 2016. The records established that they each worked 8 hours on each of those 5 days with the exception of Thursday October 13, 2016 on which they each worked 12 hours (indicated in the record as 1 and ½ days). As a result, each worked a total of 44 hours included 24 hours overtime( those hours in excess of 40 hours during that week).

9. Plaintiff PRABJIT SINGH testified and offered into evidence his work records showing that, among other things, for the week of Sunday September 4, 2016 he worked at least 8 hours each day that week and on September 6 and on September 8 he worked 12 hours (indicated in the record as 1 and ½ days). He was to be paid $300.00 per 8 hour work day. As a result, he worked a total of 64 hours that week which included 24 hours overtime (those hours in excess of 40 hours during that week).

10. JOGA SINGH testified and offered into evidence his work records showing that, among other things, for the week of Sunday September 11, 2016 he worked at least 8 hours each day that week and on September 12, 14 and 17 he worked 12 hours (indicated in the record as 1 and ½ days). As a result, he worked a total of 68 hours that week which included 28 hours overtime (those hours in excess of 40 hours during that week). He was to be paid $200.00 per 8 hour work day.

11. Each other plaintiff's work records were offered and demonstrated the days they worked. None of those other plaintiffs worked in excess of 40 hours during any week. Plaintiffs also testified that they though they were working for Sunn Enterprises.

12. As the Magistrate was confronted with a pro-se defendant (defendant Sunn Enterprises did not appear by counsel as

was required but defendant BOGDAN MARKOVSKI did appear to defend himself), the Court early on gave defendant pro se some very explicit directions and instructions about what the hearing would involve, what it would not involve and what issues were the Court.

Transcript page 4 (lines 21-25)

> "...Already been a default entered against you that means that your liability is assumed and the only question is how much in damages the court will adjudicate that you owed.
>
> Do you understand me?
>
> Mr. M.: yes

Transcript page 5

> Judge Cogan...referred the matter to me to conduct a hearing on the amount of damages to be awarded

    13. After a short recess, Magistrate Gold once again informed defendant that any dispute he may have about not being the employer of the defendant was not a matter for consideration at the hearing.

Transcript page 59 (lines 5-7)

> Plaintiffs have alleged you were their employer and you didn't pay them and that's now deemed admitted for purposes of this case...

14. The Magistrate informed the parties that for the purposes of this case it was considered admitted that defendants were plaintiffs' employer and that defendants did not pay them; that the only issue before the Magistrate was not whether you owe them or not, not whether you were their employer but how much the plaintiffs were owed for the hours they deem they worked.

Transcript page 59 (lines 9-15)

> So the only question I am allowed to decide under the laws at this hearing is how much these people are owed for the hours that they deem they worked. Not whether you owe them or not, not whether you were their employer or not. You defaulted. You didn't answer the complaint. You can't just ignore a lawsuit. You end up admitting as a matter of law what you're accused of doing.

Transcript page 60 (lines 7-10)

> I'm not even empowered to say that you don't owe them anything because you weren't really their boss. That's already been established.

15. Defendant never disputed the hours claimed by the plaintiffs that they worked or the work records presented or what their daily rate of pay was to be.

16. By those directives it is apparent that the issue of whether or not the defendants were employers of the plaintiff was not an issue to be heard or decided. It was, to use the word declaration made by the Magistrate, "admitted."

17. As there are no specific findings of fact made by the Magistrate, it is impossible to determine what facts the Magistrate considered in reaching his Recommendations.

18. However, the Magistrate did indicate at the conclusion of the testimony that he seemed to:

130 (line 23)

> Accept the testimony about the number of hours these folks worked; and he also stated:

131 (line 21)

> That he was inclined to recommend an award of these wages (but wants to look into whether liquidated damages appropriate)

19. So, it appears that according to the Magistrate that the plaintiffs were credible as he accepted the proof of their work and their hours worked and those were based on the testimony they offered and the work records they provided.

20. Those records demonstrated overtime work performed by various of the plaintiffs that were among the many hours of work

not paid to them. Such failure to pay overtime premium pay clearly demonstrated violations of the FELA and applicable New York Law. Under the circumstances presented, how the Magistrate decided there has been no such finding is unknown. But, such a conclusion is clearly no supported by the evidence and testimony presented or the other proof offered at the hearing.

21. Although defendant pro se did offer testimony, in sum and substance his entire presentation was a declaration that it was not him but someone else who was liable. An issue the Magistrate clearly declared was not an issue before him.

22. When the Magistrate discussed the issue of liquidated damages due from the defendant for failing to abide by the statutes directly payment of overtime premiums, even then he did not indicate defendants were not liable. He indicated the failure of defendants to pay plaintiffs was did in bad faith. He stated:

132 (lines 5-11)

> I am inclined to conclude...miscommunication or a misunderstanding between Puma Singh and Mr. Markovski about who was going to be responsible for paying these individuals rather than a deliberate staffing by Mr. Markovski of people he believed to be working directly for him

23. Again, not that defendant was not the employer or not liable for damages simply that liquidated damages may not be considered in lieu of this lack of deliberate failure of pay.

24. Under Fed. R. Civ. P. 72(b)(3), a "district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." A proper objection requires reference to a specific portion of the magistrate judge's recommendation; if a party "makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008) (quoting Barratt v. Joie, No. 96 CIV 0324, 2002 U.S. Dist. LEXIS 3453, 2002 WL 335014 (S.D.N.Y. Mar. 4, 2002). Furthermore, even in a de novo review of a party's specific objections, the court will not consider "arguments, case law and/or evidentiary material which could have been, but [were] not, presented to the magistrate judge in the first instance." Kennedy v. Adamo, No. 02 CV 01776, 2006 U.S. Dist. LEXIS 93900, 2006 WL 3704784, at *1 (E.D.N.Y. Sept. 1, 2006) (quoting Haynes v. Quality Markets, No. 02-CV-250, 2003 WL 23610575(E.D.N.Y. Sept. 22, 2003).

26. Both of the specific "findings" and Recommendations made by the Magistrate are objected to for the reasons described herein.

27. On its own consideration of the issues this Court should make its own findings and determination that plaintiffs have established their claims for damages and assess those damages accordingly.

WHEREFORE, the plaintiffs seek the relief as described above together with such other and further relief as is just and proper.

Dated: Kew Gardens, New York
November 20, 2017

JONATHAN SILVER ESQ.(7924)