| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>----------------------------------------------------------------- X<br>:<br>DEVENDER SINGH, JAGJIT SINGH, BALJINDER :<br>SINGH, PUMA SINGH, DULLA SINGH, PRABHJIT :<br>SINGH, MOHINDER SINGH, JARNAIL SINGH, :<br>JOGA SINGH, KARNAIL SINGH, KUNDAN LAL, :<br>and AMARJIT SINGH, :<br>:<br>                   Plaintiffs, :<br>:<br>        - against - :<br>:<br>SUNN ENTERPRISE GROUP, LLC, and BOGDAN :<br>MARKOVSKI :<br>:<br>                   Defendants. :<br>----------------------------------------------------------------- X | C/M<br><br><br><br><br>**ORDER**<br><br>17-cv-1387 (BMC)(SMG) |

**COGAN**, District Judge.

      Plaintiffs' objections to the Report and Recommendation dated November 6, 2017 (Gold, M.J) are sustained. Although the evidence at the hearing raised an issue as to whether plaintiffs were actually employed by defendant Sunn Enterprise Group, as opposed to non-party PNS (a company controlled by one of the plaintiffs), the mere existence of an issue is insufficient to overcome the nearly-conclusive nature of defendants' default. The complaint alleges that plaintiffs were employed by defendant Sunn Enterprise Group. Defendants' default means that the allegation must be taken as true unless the complaint fails to state a claim for relief, or there is "indisputable" evidence in the record showing that the allegation is false. See Trans World Airlines v. Hughes, 449 F.2d 51, 63 (2d Cir. 1971) ("Matter introduced … to disprove or mitigate damages which only *tends* to contradict the allegations of the complaint has no legal effect except as it bears on the question of damages unless it could not conceivably have been refuted and disproved … had there been a trial and thus is 'indisputable.'"), rev'd on other

grounds, 409 U.S. 363 (1973); see also Greathouse v. JHS Sec. Co., 784 F.3d 105, 118-22 (Korman, D.J., concurring in part, dissenting in part).  Moreover, an inquest on damages cannot be used to avoid the standard for vacating a default.

On this record, I cannot find that plaintiffs were in fact employed by PNS, and not Sunn Enterprises Group. Indeed, although the Report & Recommendation described evidence that points to that conclusion, it did not make that finding either.  Instead, it held that "plaintiffs have failed to establish that they were employed by defendants … ."  But based on defendants' default, I do not think that plaintiffs had the burden of establishing that fact; rather, it was defendants who had to prove it "indisputable" that they were not plaintiffs' employer. The record on this issue is insufficient for me to conclude that they met that burden.

This matter is therefore referred to Judge Gold for a determination of the damages suffered by each plaintiff.

**SO ORDERED.**

                                                                              U.S.D.J.

Dated: Brooklyn, New York
       December 13, 2017