```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
  DEVENDER SINGH, JAGJIT SINGH,           :
  BALJINDER SINGH, PUMA SINGH,            :
  DULLA SINGH, PRABHJIT SINGH,            :
  MOHINDER SINGH, JARNAIL SINGH,          :    **MEMORANDUM DECISION AND**
  JOGA SINGH, KARNAIL SINGH,              :    **ORDER**
  KUNDAN LAL, and AMARJIT SINGH,          :
                                          :
                     Plaintiffs,          :    17 Civ. 1387 (BMC)
                                          :
            - against -                   :
                                          :
  SUNN ENTERPRISE GROUP, LLC, and         :
  BOGDAN MARKOVSKI,                       :
                                          :
                     Defendants.          :
----------------------------------------------------------- X
```

**COGAN,** District Judge.

This Fair Labor Standards Act case is before the Court on defendants' motion to vacate the default judgment previously entered against them. The Court presumes familiarity with the factual and procedural background. For the reasons below, their motion is granted.

Federal Rule of Civil Procedure 55(c) provides that a "court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." The Second Circuit has held that three factors govern a district court's decision to set aside a default judgment under either Rule 55(c) or 60(b): "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 96 (2d Cir. 1993); see also State St. Bank and Tr. Co. v. Inversiones Errazuriz Limitada, 374 F.3d 158, 166-67 (2d Cir. 2004) ("When a district court decides a motion to vacate a default judgment pursuant to the provisions of Rule

1

60(b), the courts determination must be guided by [the] three principal factors [mentioned above].").

Although the decision to vacate a default judgment is left to the district court's discretion, the Second Circuit has "expressed a strong preference for resolving disputes on the merits." New York v. Green, 420 F.3d 99 (2d Cir. 2005) (internal quotations omitted). Given that "a default judgment is the most severe sanction which the court may apply," in deciding whether to vacate a default judgment "all doubts must be resolved in favor of the party seeking relief from the judgment in order to ensure that to the extent possible, disputes are resolved on their merits." Green, 420 F.3d 99 (internal quotations omitted). "Default judgments are generally disfavored and are reserved for rare occasions. As such, the criteria for vacating a default judgment pursuant to Rule 60, including the meritorious defense factor, should be construed generously." State St. Bank and Tr. Co., 374 F.3d at 168 (internal quotations omitted).

There can be no question that defendants' default in this case was willful, and defendants virtually concede as much. Defendants are not unsophisticated, but rather, seemed to operate under the presumption that this suit would resolve itself, absent their commitment of any effort to address the claims. Accordingly, their willfulness weighs against them.

However, the remaining two factors come out in their favor.

First, defendants have presented a colorable defense; one that if valid, could be meritorious – they assert that they did not, in fact, employ plaintiffs. Because "[t]he strictures of both the FLSA and NYLL apply only to employees[,]" if plaintiffs were not defendants' employees, they cannot recover from them. See Glatt v. Fox Searchlight Pictures, Inc., 811 F.3d 528, 534 (2d Cir. 2016). "Whether a defense is meritorious is measured not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would

constitute a complete defense." State St. Bank & Tr. Co, 374 F.3d at 167 (internal quotations omitted). The record from the inquest contains evidence suggesting that plaintiffs were employed not by defendants, but by a company run or owned by the wife of one of the plaintiffs, and it was that company that had a contract with defendants. Accordingly, defendants have done all they are required to at this stage, and this factor weighs strongly in favor of vacating the default.

Second, plaintiffs put forth no argument that they would suffer prejudice sufficient to defeat defendants' motion. "[D]elay alone is not a sufficient basis for establishing prejudice." Davis v. Musler, 713 F.2d 907, 916 (2d Cir. 1983). Instead, plaintiffs must show "that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." Id. (internal quotations omitted). Plaintiffs allege no risk of any these eventualities, and the Court has no reason to believe that any of them would come to pass.

Nevertheless, defendants' deliberate decision to ignore this case has put plaintiffs and the Court to a lot of unnecessary trouble and expense. Some of this expense was the fault of plaintiffs' counsel, who failed to submit adequate proof by affidavit on the motion for a default judgment, thus necessitating an inquest. However, the initial expense of seeking a default would not have been incurred at all if defendants had acknowledged their legal obligation.

In addition, defendants' willingness to disregard legal process, coupled with some of the evidence that came out at the inquest, creates the concern that if plaintiffs do obtain a judgment, defendants may choose not to, or may be unable to, voluntarily satisfy it, and a judgment may be difficult or impossible to collect. The last thing this Court wants to happen is to vacate the

default, go through the case, and then leave plaintiffs with a judgment (if they prevail) that is a useless piece of paper.

It is well established that when a court determines to vacate a default, it may do so conditionally. See Powerserve Int'l, Inc. v. Lavi, 239 F.3d 508, 515 (2d Cir. 2001). Common conditions placed on vacatur include payment of a portion of the plaintiff's attorneys' fees, and the posting of a bond to secure a possible future judgment in whole or in part. Id. Both of these conditions are appropriate here because of the concerns set forth above.

Accordingly, defendants' motion to vacate is GRANTED on condition that by March 19, 2018: (a) defendants pay plaintiffs the sum of $1000 to cover the cost of initially moving for a default judgment; and (b) post a bond in the amount of $35,000, which is just under one-half of the total damages recommended by Judge Gold following the inquest, to secure any judgment that plaintiffs may obtain. The Court views the amount of this bond as sufficient to encourage defendants to refrain from walking away from this case again.

Defendants are required to file proof of satisfaction of these conditions by the date stated. The entry of default shall remain extant unless such proof is filed. If it is not, the Court will proceed to act on Judge Gold's report and recommendation.

**SO ORDERED.**

                                                                U.S.D.J.

Dated: Brooklyn, New York
       March 9, 2018